CLERK
US DISTRICT & BANKRUPTCY
COURTS

2009 JAN 15 PM 5: 17

RECEIVED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAYER BIOSCIENCE GmbH<br>Hermannswerder 20A<br>14473 Potsdam<br>Germany<br><br>And<br><br>MAX-PLANCK-GESELLSCHAFT ZUR<br>FÖDERUNG DER WISSENSCHAFTEN eV<br>Berlin, Germany<br><br>Plaintiffs,<br><br>v.<br><br>HON. JON W. DUDAS<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States<br>Patent and Trademark Office<br>Madison Building<br>600 Dulany Street<br>Alexandria, Virginia  22314 | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Bayer Bioscience GmbH and Max-Planck-Gesellschaft zur Föderung der Wissenschaften eV, for their complaint against defendant the Honorable Jon W. Dudas, state as follows:

1. This is an action by the owners of United States Patent No. 7,402,420 ("the `420 patent") seeking review of inaccurate and erroneous patent term adjustment calculations made by the United States Patent &

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000   Fax: 703-205-8050

Trademark Office ("PTO"). Specifically, this is an action by Plaintiffs under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term adjustment of 259 days calculated by the PTO for the '420 patent should be corrected to 667 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## I.  THE PARTIES

3. Plaintiff Bayer Bioscience GmbH ("Bayer") is a company operating under the laws of Germany. Bayer is located at Hermannswerder 20A, 14473 Potsdam, Germany.

4. Plaintiff Max-Planck-Gesellschaft zur Föderung der Wissenschaften eV ("Max-Planck-Gesellschaft") is a company operating under the laws of Germany. Max-Planck-Gesellschaft is located at Berlin, Germany.

5. Defendant Jon W. Dudas is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office. Defendant is sued in his official capacity.

## II.  JURISDICTION AND VENUE

6. This Court has jurisdiction over this action and is authorized to issue the requested relief to Plaintiff pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

7. Venue is proper in this district pursuant to 35 U.S.C. § 154(b)(4)(A).

8. This Complaint is being timely filed in accordance with 35 U.S.C. §154(b)(4)(A).

### III.   BACKGROUND

9. The inventors of the '420 patent are Jens Kossmann, Thomas Welsh, Martin Quanz, and Karola Knuth.

10. The '420 patent granted on July 22, 2008, based on patent application number 10/417,280, filed April 15, 2003, which is a divisional application from prior U.S. patent application serial number 09/499,203, filed on February 8, 2000, now U.S. patent number 6,570,065. The '420 patent is attached hereto as Exhibit A.

11. Plaintiffs Bayer and Max-Planck-Gesellschaft are the assignees of the '420 patent, as evidenced by records recorded in the PTO, and are the real parties in interest in this case.

12. When the USPTO issued the '420 patent on July 22, 2008, it erroneously calculated the entitled patent term adjustment for the '420 patent as 259 days.   Had the USPTO calculated the entitled patent term adjustment properly, the '420 patent would be entitled to 667 days of patent term adjustment.

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000   Fax: 703-205-8050

13. The errors in the USPTO's patent term adjustment calculations are detailed in a recent order from the U.S. District Court for the District of Columbia in an action titled *Wyeth v. Dudas,* Civil Action No. 07-1492 (D.D.C. Sept. 30, 2008) where the Court granted summary judgment against the USPTO, holding that the USPTO's patent term adjustment calculation methodology was erroneous as a matter of law and inconsistent with the Patent Statute. The *Wyeth v. Dudas* opinion is attached as Exhibit B.

14. The correct patent term adjustment methodology identified in the prior *Wyeth v. Dudas* action governs the USPTO's calculation of patent term adjustment for Plaintiffs' `420 patent.

## IV.   COUNT I: U.S. PATENT NO. 7,402,420

15. Plaintiffs incorporate by reference the allegations in paragraphs 1-14 above, as if fully set forth herein.

16. During prosecution of the `420 patent, the patent owners accrued 259 days of patent term adjustment under 35 USC § 154(b)(1)(A), and accrued 408 days of patent term adjustment under 35 USC 154(b)(1)(B).

17. Under the PTO's interpretation of 35 USC § 154, all PTA accrued under 35 U.S.C. § 154(b)(1)(A) and all PTA accrued under 35 USC § 154(b)(1)(B) inherently overlaps and, thus, it has been the PTO position that a patent holder is only eligible for the larger of these two amounts of

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000   Fax: 703-205-8050

PTA. For the `420 patent, the PTO erroneously limited the patent term adjustment for the '420 patent to 259 days (*see* calculation in paragraph 19, below), as shown on the face of the '420 patent.

18. In view of a recent decision from this Court *(Wyeth v. Dudas,* Civil Action No. 071492 (JR)), all days on which 35 USC 154(b)(1)(A) or 35 USC 154(b)(1)(B) apply should accrue patent term adjustment for the `420 patent.

19. Under the interpretation of this Court *(Wyeth v. Dudas, Civil* Action No. 07- 1492 (JR)), each day from the day after June 15, 2004 (14 months from the 420 patent application filing date) through to the grant date on July 22 2008, qualifies for patent term adjustment under 35 U.S.C. § 154(b)(1)(A), 35 U.S.C. § 154(b)(1)(B), or both, a total of 1,315 days. More specifically, each day from the day after June 15, 2004 (14 months from the `420 patent application filing date) through to May 29, 2007 (Request for Continued Examination) qualifies for patent term adjustment under 35 U.S.C. § 154(b)(1)(A), and each day from the day after April 15, 2006 (three years from the filing date) through to the grant date on July 22 2008, qualifies for patent term adjustment under 35 U.S.C. § 154(b)(1)(B).

20. The applicant agrees with the PTO's holding of a total applicant prosecution delay of 237 days under 35 USC 154(b)(2)(B) or (C).

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000  Fax: 703-205-8050

21. Under the PTO's interpretation, the PTO had calculated an erroneous patent term adjustment of 496 – 237 = 259 days.

22. The Defendant's imposition of only 259 days of patent term adjustment for the '420 patent is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

23. It is accordingly believed that the overall PTA accrued by the patent holders is 904 – 237 = **667 days**, and the patent holder accordingly requests 667 - 259 = **408 ADDITIONAL days** of Patent Term Adjustment.

WHEREFORE, Plaintiffs respectfully pray that this Court:

A. Issue an Order changing the period of patent term adjustment for the '420 patent term from 259 days to 667 days and requiring Defendant to alter the terms of the '420 patent to reflect the 667 days of actual patent term adjustment due the '420 patent.

B. Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000  Fax: 703-205-8050

Dated: January 15, 2009      Respectfully submitted,

*/s/ Quentin R. Corrie*
Quentin R. Corrie (DC Bar No. 224469)
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100 East
Falls Church, Virginia 22042
Attorney for Plaintiff


Of Counsel,
Leonard R. Svensson
BIRCH, STEWART, KOLASCH & BIRCH, LLP
12770 High Bluff Drive, Suite 260
San Diego, California 92130

Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road, Ste 100 East
Falls Church, VA 22042-1210
Tel: 703-205-8000  Fax: 703-205-8050